a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| REYDEL MARTI CORONA #A099-571-880, Petitioner | CIVIL DOCKET NO. 1:26-CV-00868 SEC P |
| VERSUS | JUDGE EDWARDS |
| ANDREA SHAVER ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

---

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss or Transfer (ECF No. 34) filed by the Government with respect to the pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Reydel Marti-Corona ("Marti-Corona").

Because this Court lacks jurisdiction, the alternative Motion to Transfer should be GRANTED.

## I. Background

Marti-Corona's Petition was filed in the Southern District of Texas. It was transferred to this Court because Marti-Corona has been transferred to the Central Louisiana ICE Processing Center in Jena, Louisiana. ECF No. 20.

The Government moves to dismiss the Petition or transfer back to Texas because this Court lacks jurisdiction.

## II. Law and Analysis

"In general, '[t]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the [petitioner] is confined.'" *Dada v. Witte*, No. 20-CV-1093, 2020 WL 1674129, at *2 (E.D. La. Apr. 6, 2020) (quoting *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (per curiam) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001)). And jurisdiction attaches with the initial filing of a petition; it is not destroyed by a transfer of the petitioner and accompanying custodial change. *Smith v. Fleming*, 4:02-CV-440, 2002 WL 31114021, at *2 (N.D. Tex. Sept. 20, 2002) (citations omitted).

Because Marti-Corona was not detained within the Western District of Louisiana at the time of filing (ECF No. 34), this Court lacks jurisdiction.[1] *See Padilla*, 542 U.S. at 443 (district of incarceration at the time of filing is the only district that has jurisdiction over a § 2241 petition).

A court may transfer a case filed in the wrong district "to any district or division in which it could have been brought." 28 U.S.C. §§ 1406, 1631.

## III. Conclusion

Because this Court lacks jurisdiction, IT IS RECOMMENDED that the Government's alternative Motion to Transfer to the Southern District of Texas (ECF No. 34) be GRANTED.

---

[1] It is further noted that although Marti-Corona was temporarily transferred to Louisiana, he was transported back to Texas, where he remains detained. ECF No. 34.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, July 13, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE